Matthew William Leavell v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-124-CR

MATTHEW WILLIAM LEAVELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Matthew William Leavell of burglary of a habitation and assessed his punishment at eighteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a $2,000 fine.  The trial court sentenced him accordingly.  In one issue, Appellant contends that the evidence is legally and factually insufficient to support his conviction.  Because we hold that the evidence is legally and factually sufficient to support Appellant’s conviction, we affirm the trial court’s judgment.

The indictment alleged that Appellant, on or about June 2, 2003, in Hood County, Texas, “did then and there intentionally, without the effective consent of . . . the owner . . . , enter a habitation with intent to commit theft.”
(footnote: 2)  It also alleged that Appellant “did then and there intentionally or knowingly, without the effective consent of . . . the owner . . . , enter a habitation and did attempt to commit or commit theft.”
(footnote: 3)  The jury was only charged on the second theory. Appellant does not challenge the evidence supporting the conclusion that the complainant’s home was burglarized.  He focuses only on the issue of identity, challenging the eyewitness’s identification of him as the burglar.

The evidence at trial showed that the complainant reported a burglary in progress in the Bentwater development.  The development has two entrances, one on Wills Way and one on Old Granbury Road.  When the responding deputy, Deputy Young, got on Old Granbury Road, he met a gray Chevrolet pickup truck head-on.  The pickup had its left turn signal on.  The deputy waited for the pickup to turn because he wanted to determine if the pickup had been involved in the burglary, given the limited exit routes from the development and the report that the burglary was in progress.  After about thirty seconds, the pickup went straight instead.  Young then instructed the deputy in the car behind him, Deputy Brock, to follow the pickup.  She did.  After she stopped the pickup and got out of her car, the pickup fled.  Brock then chased the pickup to Appellant’s home, where the pickup collided with a burn barrel.  The driver escaped on foot.  No one answered Brock’s knock at the front door of the home.  Brock testified that she learned that a Mr. McMasters was the registered owner of the pickup.

Ed McMasters testified that he had thrown a barbecue on the day and evening of the burglary and that Appellant attended.  At about eleven p.m., Appellant asked to borrow the pickup to go down the road and find a friend. McMasters loaned him the pickup.  The police awakened McMasters in the wee hours of the next morning to tell him that his pickup had been abandoned at Appellant’s home.

The complainant’s son, the only eyewitness to the burglary, who was eighteen years old at the time of trial, testified that on June 2, 2003, about seven months before trial, he had gotten up around 11:30 p.m. to go to the bathroom.  The lights were off.  While he was in the hallway, he suddenly heard what sounded like the TV set shaking in the living room.  He at first thought his mother was turning off the stereo.  Then, he thought the person was his dad because of the person’s shape.  Finally, he realized that the person’s shadow was too big to be his dad’s, so he flipped on the light.  The intruder stood up, turned around, and looked at the eyewitness, who continued to look at him.  At trial, the eyewitness testified that he looked at the intruder from the shoulder up.  The intruder was bigger than the eyewitness.  The eyewitness and intruder looked at each other for two slow seconds.  The eyewitness then watched the intruder run out of the house.

After the intruder fled, the eyewitness awakened his mother, and she called the sheriff’s department.  When the complainant and her son went out to the living room, they discovered that the stereo had been pulled out and partially unplugged.  The complainant testified that she did not give anyone but her son permission to enter her residence that evening and that she did not give anyone permission to move her television and electronic equipment around.

When the investigating deputy, Deputy Thomas, arrived a few minutes after the complainant’s call, the eyewitness reported that the burglar was 6 feet, 2 inches tall, weighed 190-200 pounds, had a moustache down to his chin and dark hair, and wore pants and a long-sleeved shirt or jacket.  Approximately two days later, the eyewitness identified Appellant as the intruder in a photo lineup.  At trial, the eyewitness unequivocally identified Appellant as the person he had seen in his living room.  Deputy Young testified that Appellant was perhaps a few inches shorter than 5 feet, 11 inches, Young’s own height.  Ed McMasters testified that Appellant was 5 feet, 10 inches tall.  There was also evidence that people often misjudge height. Applying the appropriate standards of review for legal
(footnote: 4) and factual
(footnote: 5) sufficiency, we hold that the evidence is legally and factually sufficient to support Appellant’s conviction.  We therefore overrule Appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 31, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 30.02(a)(1) (Vernon 2003).

3:
See id.
 § 30.02(a)(3).

4:
See Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

5:
See Zuniga v. State
, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).